ELLIS, Judge:
Mrs. Ruth Corbin Carter, Reginald Morrison Corbin- and Mrs. Eloise Corbin Fel *142 lows each owned one of three contiguous tracts of land in Hammond, Louisiana, which together formed a parcel fronting 150 feet on West Railroad Avenue by a depth and front on West Robert Street of 100 feet. On July 31, 1967, each of them executed a 150 day option to lease their respective properties in favor of Edward A. Amar, jobber for Shell Oil Company in the Hammond area. A consideration of $500.-00 was paid for each option.
On the same day, each of the parties also executed the proposed lease covering their respective tracts, as well as a “Memorandum of Lease”. It was understood that the lease would not become effective until the option was exercised. The memoranda of lease each read as follows:
“Public Notice is given by this memorandum that (Lessor) has granted a lease to (Lessee) on the following described property: (Description) for a primary term of twenty (20) years with two options for additional periods of five (5) years each.”
Each option to lease contained the following terms relative to the exercise thereof :
“Amar may exercise this Option by delivering to Lessor, duly executed by Amar, one copy of said lease together with a copy of said Memorandum of Lease, tendered by Lessor' to Amar. Such copy may be delivered to Lessor personally or by registered mail, and in the latter case, shall be deemed delivered when an envelope containing the same is deposited in the mail, postage and charges prepaid and addressed to Lessor at Lessor’s address first herein specified.”
These various documents were prepared by Leonard E. Yokum, Mr. Amar’s attorney, from forms furnished by Shell Oil Company. Mr. Amar also executed a sublease to Shell, covering all of the property.
Much of the testimony in the record is conflicting, and, in the absence of written reasons for judgment by the trial judge, we have resolved the conflicts so as to make the following findings of fact:
It is clear from the record that all parties were aware that the transaction was carried out in accordance with procedures dictated by Shell, and that the documents executed were to be presented to Shell Oil Company in an effort to obtain financing for a service station to be constructed on the site. We further find that if no such financing was forthcoming, all parties knew that the option would not be exercised.
At the time the various documents were executed, the lessors requested copies thereof, which were subsequently furnished them by Mr. Yokum. The copies furnished were Xerox copies, showing the original signatures thereon.
On August 7, 1967, Mr. Yokum was advised by Mr. Alexander, the Shell Oil jobber representative, that the three memoran-da of lease would have to be recorded before the documents could be submitted for approval of the financing. Mr. Yokum immediately went to the courthouse and filed the memoranda. He forwarded copies thereof, as well as of the leases and the options, to Mr. Alexander that same day. The copies of the various documents were not delivered by Mr. Yokum to the lessors until after August 11, 1967.
Thereafter, Mr. Yokum examined title to the three lots, and negotiated with Mrs. Fellows’ son, an attorney, relative to some of the terms of the lease. Eventually, Shell decided not to finance the station, and on December 21, 1967, Mr. Amar wrote to the lessors advising that he was not going to exercise the option to lease.
The lessors demanded specific performance, and eventually these suits were filed. Prior thereto, Mrs. Carter died, and her son, Charles C. Carter, Jr. is plaintiff in one of the cases. After the suits were filed, Mr. Corbin died, and Mrs. Fellows and Mr. Carter, who had acquired his parcel of property and his interest in the lawsuit, were substituted as parties plaintiff.
*143 The defendant in the main demand is Mr. Amar. He, in turn, third partied Shell, which reconvened against him for all or half of any damages for which they might become liable.
After trial on the merits, judgment was rendered in favor of the plaintiffs and against Mr. Amar for all rent due and for all future rental payments. Judgment was rendered on the third party demand against Shell, ordering it to reimburse Amar for all amounts he is liable to pay to plaintiffs. Both Shell and Amar have appealed sus-pensively. Since only one judgment was rendered in the trial court in the consolidated case, only one judgment will be rendered in this Court.
It is obvious that Mr. Amar never intended to exercise his option, unless the financing from Shell was forthcoming. He so testified and there is no reason or evidence advanced to the contrary. The only copies of the documents furnished to the lessors were Xerox copies. Since Mr. Amar’s signature thereon was required to exercise the option in accordance with its terms, it is clear that the delivery of a copy with a facsimile thereof on it was not sufficient. It would have been simple for Mr. Amar to have signed the copy of the lease had he intended to exercise the option by delivering same to lessors.
However, lessors claim, and the district judge found, that when the memoranda of lease were recorded, this constituted an exercise of the option. We cannot concur in this conclusion. In the first place, the memoranda were recorded at the behest of Shell. Mr. Yokum and Mr. Amar were told that the recordation was necessary before the application for financing would be considered by Shell. We conclude that when the memoranda were recorded, it was not with the intention of exercising the option, but rather to satisfy Shell’s requirements.
Mr. Amar purchased the option from each lessor for $500.00. Whether or not the option is exercised depends entirely on whether or not Mr. Amar wants to exercise it. Of course, his intention can be deduced from his actions, but, in this case, his actions show that he did not intend to exercise the option until Shell agreed to finance the station. We do not believe that the recordation of the memoranda, standing alone, can be said to be indicative of an intent to exercise the option in the light of the overwhelming evidence to the contrary. The purpose of recordation is to inform third persons, and can only incidentally affect the rights of the parties to the act recorded.
We are, therefore, of the opinion that Mr. Amar did not exercise the option to lease, and that no lease exists between the parties hereto. The judgment appealed from is reversed, and there will be judgment herein in favor of defendant Edward A. Amar and against plaintiffs Charles C. Carter, Jr. and Mrs. Eloise Corbin Fellows, dismissing their suits at their cost. All incidental demands are also dismissed.
Reversed and rendered.